United States District Court
District of Massachusetts

|  |  |
|---|---|
| **Kyle N. Robert,** ) | ) |
| ) | ) |
| Plaintiff, ) | ) |
| ) | **Civil Action No.** |
| v. ) | **23-CV-12206-NMG** |
| ) | |
| **Raytheon Tech. Corp.,** ) | ) |
| ) | ) |
| Defendant. ) | ) |

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiff Kyle N. Robert ("plaintiff" or "Robert") filed a complaint asserting that defendant Raytheon Technologies Corporation ("Raytheon" or "defendant") violated his equal protection and due process rights under the U.S. Constitution and Massachusetts Declaration of Rights, Mass. G.L. ch. 151B ("Chapter 151B") as well as Title VII of the Civil Rights Act of 1964, 42 U.S.C.S. § 2000e et seq. ("Title VII"). Raytheon has responded with a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Docket No. 10). For the reasons described below, Raytheon's motion to dismiss will be allowed.

I.  **Background**

   **A. Facts**

According to the complaint, plaintiff was employed as a senior principal software engineer at Raytheon in Marlborough, Massachusetts.  In September, 2021, Raytheon announced a mandatory vaccine policy that required all employees to report their vaccination plans by October 15, 2021 and to be fully vaccinated by January 18, 2022.  Employees could request a religious or medical exemption from the otherwise mandatory policy.  On October 19, 2021, Robert requested and received a religious exemption.

The complaint also alleges that, in or about December, 2021, Raytheon notified employees that all unvaccinated employees would be required to test weekly for COVID-19 beginning January 4, 2022.  Employees were notified that if they failed to comply with the testing requirements, they would have 24 hours to test or otherwise be terminated.

Robert declined to comply with the COVID-19 testing requirement which he describes as "invasive".  Raytheon subsequently terminated Robert on January 7, 2022 because of his failure to comply.

**B. Procedural History**

Robert filed this case in state court in September, 2023, and Raytheon removed it to federal court soon thereafter. The complaint, which includes claims 1) under the Equal Protection Clause, 2) under the Due Process Clause (Count II) and 3) for retaliation or discrimination pursuant to Title VII and Chapter 151B (Count III), alleges broadly that Raytheon violated Robert's constitutional rights by requiring him to test weekly for COVID-19. Plaintiff contends that Raytheon treated him differently because of his vaccination status and his sincerely held religious beliefs and that he was terminated because he engaged in protected activity and defendant harbored retaliatory animus. Robert seeks compensatory and punitive damages as well as an award for attorneys' fees and costs. In October, 2023, Raytheon moved to dismiss all three counts of the complaint.

## II.  Legal Standard

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the subject pleading must contain sufficient factual matter to state a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible if, after accepting as true all non-conclusory factual allegations,

the court can draw the reasonable inference that the defendant is liable for the misconduct alleged. Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

A court may not disregard properly pled factual allegations in the complaint even if actual proof of those facts is improbable. Ocasio-Hernandez, 640 F.3d at 12.  Rather, the court's inquiry must focus on the reasonableness of the inference of liability that the plaintiff is asking the court to draw. Id. at 13.

In addition, at the motion to dismiss stage,

> the plaintiff bears the burden of establishing sufficient factual matter to plausibly demonstrate his standing to bring the action.

Hochendoner v. Genzyme Corp., 823 F.3d 724, 731 (1st Cir. 2016). "Neither conclusory assertions nor unfounded speculation can supply the necessary heft." Id. (citations omitted).  A court must determine "whether the party invoking jurisdiction had the requisite stake in the outcome when the suit was filed." Massachusetts v. U.S. Dep't of Health & Hum. Servs., 923 F.3d 209, 221 (1st Cir. 2019).

### III. **Application**

#### A. **Counts I and II**

In Count I of the complaint, plaintiff alleges that defendant violated his rights under the Equal Protection Clause

of the Fourteenth Amendment when it required him to test weekly for COVID-19 while not requiring other employees who received a COVID-19 vaccination to undergo the same testing regime.

In Count II, plaintiff alleges that defendant violated his due process rights under the United States Constitution and Massachusetts Declaration of Rights when it refused to honor his religious beliefs and wrongfully terminated his employment.

Raytheon seeks dismissal of plaintiff's constitutional claims because 1) Raytheon is not a state actor and 2) there is no cause of action under the applicable provisions of the state or federal constitutions.

Violations of the United States Constitution require a showing that "the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).  Similarly, "claims under the Massachusetts Constitution require a deprivation of rights fairly attributable to the State." Delmonte v. Laidlaw Env't Servs., Inc., 46 F. Supp. 2d 89, 97 (D. Mass. 1999) (cleaned up).

The conduct of private actors may fall within the scope of the Constitution when it can be fairly attributed to the state. Cruz-Arce v. Mgmt. Admin. Servs. Corp., 19 F.4th 538, 543 (1st Cir. 2021).  The First Circuit Court of Appeals recently

described three general ways in which private conduct may be considered state action:

> First, a private party may be considered a state actor if it assumes a public function which, by tradition, is exclusively reserved to the state (the public function test). . . . Second, a private party may be considered a state actor if its conduct is coerced or significantly encouraged by the state (the state compulsion test) . . . . Third, a private party may be considered a state actor if it and the state have entered into so symbiotic a relationship that they have become joint participants in the challenged conduct (the nexus/joint action test).

Id. at 544.

The complaint acknowledges that Raytheon is a private, "duly organized Massachusetts corporation" and therefore not a state actor. It does not allege that Raytheon assumed a public function, was coerced or encouraged by the state or operates as a joint participant with the state. Thus, Robert has not alleged facts sufficient to suggest that Raytheon could be considered a state actor under any of the First Circuit's aforementioned tests.

In his opposition brief, plaintiff tries out a litany of arguments. He claims that Raytheon's conduct constitutes state action because 1) Raytheon is a federal contractor and the Biden Administration mandated that contractors who receive federal funds implement and enforce COVID-19 vaccination requirements, see Exec. Order No. 14042, 86 Fed. Reg. 50985 (Sept. 9, 2021)

("EO 14042"), and 2) it is uniquely beholden to the federal government because it receives "so much of its funding" from it.

Raytheon correctly notes that those assertions appear nowhere in the complaint and that arguments made in opposition to a motion to dismiss are not equivalent to factual pleadings. See Steele v. Turner Broad. Sys., Inc., 607 F. Supp. 2d 258, 263 (D. Mass. 2009). Even if the Court considered allegations raised for the first time in opposition,

> the mere fact that a business is subject to state regulation does not by itself convert its action into that of the State for purposes of the Fourteenth Amendment.

Blum v. Yaretsky, 457 U.S. 991, 1004 (1982) (citation omitted); see McEntee v. Beth Israel Lahey Health, Inc., 2023 WL 4907617, at *4 (D. Mass. Aug. 1, 2023) (finding compliance with EO 14042 did not transform employer into state actor). Plaintiff does not allege any facts that suggest that Raytheon coordinated with the government or adopted its vaccination policy because of President Biden's executive order. In addition, "receipt of federal funding is insufficient to transform a private party into a state actor." McEntee, 2023 WL 4907617, at *4 (citing Rockwell v. Cape Cod Hosp., 26 F.3d 254, 258 (1st Cir. 1994)).

Counts I and II are also subject to dismissal for an entirely different reason: the Constitutions of the United

States and Massachusetts do not confer a private cause of action upon a plaintiff seeking damages. See id. at *3 ("[A] litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but must utilize 42 U.S.C. § 1983." (quoting Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir. 2001))); Nesbitt v. Wellpath, 2022 WL 617514, at *6 (D. Mass. Mar. 2, 2022) (reviewing state court caselaw and explaining that the "Massachusetts Declaration of Rights does not provide a private right of action [and] no Massachusetts appellate court has ever held that such a right exists—at least in suits for money damages").

### B. Count III

In Count III, plaintiff brings claims under Title VII and Chapter 151B and alleges that his termination was "connected to [] protected activity" and motivated by retaliatory animus. Plaintiff does not clarify whether he seeks to bring a religious discrimination claim pursuant to 42 U.S.C. § 2000e-2(a) or a retaliation claim pursuant to 42 U.S.C. § 2000e-3(a). The Court will liberally construe the complaint as bringing claims under both provisions.[1]

---

[1] Robert also fails to clarify under which subsection of Chapter 151B he brings his claim. The Court will accordingly construe the claims as

### i. Retaliation

Title VII and Chapter 151B generally make it unlawful for employers to retaliate against employees who complain about discriminatory employment practices. See 42 U.S.C. § 2000e-3(a); Mass. Gen. Laws ch. 151B, § 4(4). Under either statute,

> a plaintiff must show that (i) she undertook protected conduct, (ii) she suffered an adverse employment action, and (iii) the two were causally linked.

Noviello v. City of Boston, 398 F.3d 76, 88 (1st Cir. 2005). The United States Supreme Court recently explained that in a Title VII retaliation claim, the plaintiff must show that the protected activity was the but-for cause of the adverse employment action. Univ. of Tex. Sw. Med. Ctr. v. Nassar, 570 U.S. 338, 360 (2013).

No one disputes that Robert requested a religious accommodation after Raytheon announced its vaccination policy or that Raytheon eventually terminated Robert's employment. Robert fails plausibly to allege, however, that his vaccination exemption and subsequent termination were causally linked.

The complaint alleges that Raytheon granted Robert a religious exemption to its vaccination requirement. Raytheon terminated Robert's employment months later only after he

---

emanating from the provisions of the chapter regarding religious discrimination and retaliation.

refused to comply with the subsequent COVID-19 testing requirement. Robert does not allege that he raised any religious objection to the testing regime itself (rather than to the vaccination requirement) and acknowledges that the testing requirement applied to "all unvaccinated employees", regardless of their accommodation status. Simply put, the complaint does not link his initial request for a religious exemption from the vaccination requirement and his subsequent termination following his refusal to comply with the testing requirement.

Plaintiff's retaliation claim will be dismissed because it does not sufficiently link his termination to the alleged discriminatory conduct of Raytheon in requiring only unvaccinated employees to be tested. Plaintiff will, however, be afforded an opportunity to file an amended complaint if the facts so warrant.

    **ii.   Religious Discrimination**

Title VII and Chapter 151(B) also make it unlawful for an employer to discriminate against an employee based on his or her religion. See 42 U.S.C. §§ 2000e-2(a); Mass. Gen. Laws ch. 151B, § 4(1). The First Circuit applies a two-part framework to analyze religious discrimination claims under Title VII:

> First, the plaintiff must make her prima facie case that a bona fide religious practice conflicts with an

> employment requirement and was the reason for the
> adverse employment action. . . . If the plaintiff
> establishes her prima facie case, the burden then
> shifts to the employer to show that it offered a
> reasonable accommodation or, if it did not offer an
> accommodation, that doing so would have resulted in
> undue hardship.

Cloutier v. Costco Wholesale Corp., 390 F.3d 126, 133 (1st Cir. 2004).  The framework for evaluating religious discrimination claims under Chapter 151B is similar.  See Mekonnen v. OTG Mgmt., LLC, 394 F. Supp. 3d 134, 157 (D. Mass. 2019).

The complaint here does not establish a prima facie case of religious discrimination for a few reasons.  First, Robert does not plausibly allege that he held a bona fide religious belief.

> In order to satisfy this element, the plaintiff must
> demonstrate both that the belief or practice is
> religious and that it is sincerely held.

EEOC v. Union Independiente De La Autoridad De Acueductos Y Alcantarillados De P.R., 279 F.3d 49, 55 (1st Cir. 2002).  While a court normally should not probe the sincerity of the plaintiff's religious belief at the motion to dismiss stage, "the pleadings must go beyond a conclusory assertion that the required conduct violated a plaintiff's religion." Leaver v. Life Care Ctrs. of Am., Inc., 2024 WL 218467, at *4 (D. Mass. Jan. 19, 2024).  Here, Robert broadly alleges that Raytheon's vaccination and testing requirements contravened his sincerely held religious beliefs but does not explain what religious

-11-

belief he held or how that belief was sincere. Even when the Court accepts all plausible inferences in favor of Robert as the non-moving party, it cannot infer a bona fide religious belief from such conclusory allegations. See Griffin v. Mass. Dep't of Revenue, 2023 WL 4685942, at *6 (D. Mass. July 20, 2023) ("[A] plaintiff who claims exemption from an employment requirement for religious reasons must plead some modicum of plausible facts sufficient to create an inference that the conflict arises from some specific religious tenet or principle.").

Plaintiff's religious discrimination claim is independently subject to dismissal because he fails plausibly to make out a prima facie case that his religion was the reason for his termination. Robert acknowledges that his refusal to comply with Raytheon's testing requirements, not his religion, was the reason for his termination. See Frith v. Whole Foods Mkt., Inc., 38 F.4th 263, 271 (1st Cir. 2022) (in Title VII discrimination claim, employment action must have been taken "because of" protected characteristic). The complaint also concedes that the testing policy applied to all unvaccinated employees, regardless of whether they received a medical or religious exemption from the vaccination requirement. Robert even concedes that Raytheon offered an "obvious alternative explanation" for the testing requirement:

>  protecting all [employees] from the ravages of Covid-19, including the prospect of contracting and/or spreading the disease.

See id. at 274-75 (affirming motion to dismiss where the facts supported an "obvious alternative explanation").

**ORDER**

For the foregoing reasons, defendant's motion to dismiss (Docket No. 10) is **ALLOWED**. Plaintiff may file an amended complaint as to the retaliation claim under Title VII and Chapter 151B on or before May 10, 2024.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated April 25, 2024