United States District Court
District of Massachusetts

| | |
|---|---|
| Kyle N. Robert, <br><br>    Plaintiff, <br><br>    v. <br><br>Raytheon Tech. Corp., <br><br>    Defendant. | Civil Action No. <br> 23-CV-12206-NMG |

**MEMORANDUM & ORDER**

GORTON, J.

Plaintiff Kyle N. Robert ("Robert" or "plaintiff") filed an initial complaint against his former employer, defendant Raytheon Technologies Corporation ("Raytheon" or "defendant"). Robert alleged several violations of his equal protection and due process rights under the U.S. Constitution and Massachusetts Declaration of Rights, Mass. G.L. ch. 151B ("Chapter 151B") as well as Title VII of the Civil Rights Act of 1964, 42 U.S.C.S. § 2000e et seq. ("Title VII"). As required by statute, plaintiff had first filed a Charge of Discrimination with the Massachusetts Commission Against Discrimination ("MCAD") and Equal Employment Opportunity Commission ("EEOC") before filing his claim in this Court.

-1-

Raytheon moved to dismiss all of Robert's claims pursuant to Fed. R. Civ. P. 12(b)(6). In April, 2024, this Court allowed that motion but permitted plaintiff to file an amended complaint as to the retaliation claim under Title VII and Chapter 151B.

Plaintiff then filed an amended complaint that contains a single retaliation claim. Defendant now seeks to dismiss that complaint with prejudice for failure to state a claim. For the reasons that follow, the Court will allow that motion.

## I. Background

According to the amended complaint, plaintiff was employed as a senior principal software engineer at Raytheon in Marlborough, Massachusetts. In September, 2021, Raytheon announced a mandatory COVID-19 vaccine policy that required all employees to report their vaccination status by October 15, 2021 and to be fully vaccinated by January 18, 2022. Employees could request a religious or medical exemption from the otherwise mandatory policy. In October, 2021, Robert filed a religious exemption request form, which made no mention of any COVID-19 testing policy. Robert asserts that he did not receive a response to his exemption request.

The amended complaint alleges that, in or about December, 2021, Raytheon notified employees that all unvaccinated employees would be required to test weekly for COVID-19 beginning January 4,

2022, regardless of whether they sought a vaccination exemption. Employees were notified that if they failed to comply with the testing requirements, they would have 24 hours to test or otherwise be terminated. After the testing policy was announced, a Raytheon representative informed Robert that his vaccine exemption request had been conditionally approved. Later that same day, however, Robert purportedly learned that his request would ultimately be denied.

Robert declined to comply with the COVID-19 testing requirement and offered instead to mask on-site or work remotely. Raytheon terminated Robert on January 7, 2022, due to his failure to comply. Robert alleges that his termination was, in fact, motivated by his request for a religious exemption to Raytheon's vaccine policy and his objection to the weekly COVID-19 testing requirement.

## II. Legal Standard

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the subject pleading must contain sufficient factual matter to state a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible if, after accepting as true all non-conclusory factual allegations,

the court can draw the reasonable inference that the defendant is liable for the misconduct alleged. Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

A court may not disregard properly pled factual allegations in the complaint even if actual proof of those facts is improbable. Ocasio-Hernandez, 640 F.3d at 12. Rather, the court's inquiry must focus on the reasonableness of the inference of liability that the plaintiff is asking the court to draw. Id. at 13.

### III. Application

Title VII and Chapter 151B generally make it unlawful for employers to retaliate against employees who complain about discriminatory employment practices. 42 U.S.C. § 2000e-3(a); Mass. Gen. Laws ch. 151B, § 4(4). Under either statute,

> a plaintiff must show that (i) [he] undertook protected conduct, (ii) [he] suffered an adverse employment action, and (iii) the two were causally linked.

Noviello v. City of Boston, 398 F.3d 76, 88 (1st Cir. 2005). The United States Supreme Court recently explained that in a Title VII retaliation claim, the plaintiff must show that the protected activity was the but-for cause of the adverse employment action. Univ. of Tex. Sw. Med. Ctr. v. Nassar, 570 U.S. 338, 360 (2013).

This Court dismissed Robert's original retaliation claim because his complaint did not sufficiently link his termination to the alleged discriminatory conduct (i.e., Raytheon's requirement that only unvaccinated employees be tested). Robert did not allege that he raised religious objections to the testing regime itself, but only to the overall vaccination requirement. He further acknowledged that the testing requirement applied to "all unvaccinated employees", regardless of their accommodation status.

The first amended complaint ("FAC") fares no better. While Robert alleges that he opposed the testing policy on the basis of his sincerely held religious beliefs, he does not allege that he actually raised belief-based objections to the testing policy with Raytheon. The FAC, when liberally construed, may <u>insinuate</u> that Robert raised an objection but any such insinuation is directly contravened by the investigation disposition that resulted from Robert's MCAD Charge.[1] The investigation found that Robert did not assert any connection between his refusal to participate in COVID-19 testing and his religious beliefs. Raytheon could not have fired Robert for his religious objection

---

[1] This Court may "take judicial notice of the MCAD's decision without converting [the] motion [to dismiss] to one for summary judgment." <u>Wong</u> v. <u>Resolve Tech.</u>, No. 10-cv-11642-DJC, 2011 WL 3157198, at *2 n.4 (D. Mass. July 25, 2011).

to the testing policy if it was unaware that he objected to testing in the first place.

Robert now attempts to preserve his complaint by contending that his termination was motivated by his initial religious objection to Raytheon's vaccination policy. Robert again concedes, however, that the subsequent testing policy and the associated dangers of noncompliance applied to all unvaccinated employees, regardless of whether they requested a religious exemption. The facts alleged in the FAC itself make clear that Robert was terminated because he failed to comply with a company-wide testing policy, not because of his protected activity. See Sharikov v. Philips Med. Sys. MR, Inc., No. 23-407-cv, 2024 WL 2820927, at *1171 (2d Cir. June 4, 2024) (finding no retaliation claim where complaint showed plaintiff was terminated because he refused to comply with company-wide vaccine policy that followed his engaging in protected activity).

ORDER

For the foregoing reasons, defendant's motion to dismiss (Docket No. 22) is **ALLOWED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated December 2, 2024